IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUBIE D. CARDWELL, on behalf of herself and other persons similarly situated 1624 East 84th Street Cleveland, Ohio 44103 | ) CASE NO. ) ) ) JUDGE ) |
| and | ) **COMPLAINT** ) |
| CHARLES M. HILL, on behalf of himself and other persons similarly situated 1624 East 84th Street Cleveland, Ohio 44103 | ) ) ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) ) |
| M & Y CARE, LLC c/o Alexander Korzhiletsky, Statutory Agent 5001 Mayfield Road, Suite 304 Lyndhurst, Ohio 44124 | ) ) ) ) ) |
| Defendant | ) |

Now come Plaintiffs, Rubie D. Cardwell and Charles M. Hill, on behalf of themselves and all other similarly situated employees of Defendant M & Y Care, LLC ("M & Y"), and alleges as follows:

**PARTIES**

1. Defendant M & Y is an Ohio foreign limited liability company that does business in the Northern District of Ohio.

2. Defendant directly employs home health aides, licensed practical nurses, certified nursing assistants, and other home health care workers to provide home health care services (together, "home health care workers") to elderly and disabled persons in their homes.

3. Defendant's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

4. Defendant employed or employs Plaintiffs and other similarly situated home health care workers.

5. Plaintiffs currently reside in Cleveland, Ohio and were at all relevant times employed by Defendant as home health aides.

6. Plaintiffs were each an employee of Defendant as defined by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1) and (g).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant M & Y is doing business in Cuyahoga County, Ohio, it maintains an office located at 5001 Mayfield Road, Suite 105, Lyndhurst, Ohio 44124, and the causes of action alleged herein arise from Defendant's activities in this District.

**FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS**

10. Defendant M & Y is a home care agency that provides home healthcare services, including homemaker, custodial, and skilled and non-skilled home healthcare services to elderly and disabled persons.

11. Plaintiffs and all similarly situated current and former non-exempt employees of Defendant are or were employed by Defendant as home healthcare workers, and seek to recover unpaid overtime compensation and other benefits of employment to which they are entitled under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA" or the "Act").

12. Plaintiffs and other similarly situated home health care workers are not staffing or frontline supervisors responsible for overseeing other home health care workers and the home health care services Defendant provides to their customers.

13. At all times relevant Defendant compensated Plaintiff and other similarly situated home health care workers for their work on an hourly basis.

14. For at least three years prior to filing this Complaint, Defendant has improperly denied overtime compensation to home healthcare workers in Ohio, thereby denying them compensation for hours worked in excess of 40 per work week.

15. Plaintiffs and other similarly situated current and former non-exempt employees of Defendant at times worked more than 40 hours per week for which Defendant failed to pay them overtime in violation of the FLSA.

16. Defendant had a policy of not paying Plaintiffs and other similarly situated home health care workers at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours they worked as required by the FLSA.

17. In calculating Plaintiffs' and other similarly situated home health care workers' overtime pay, Defendant only paid them their regular hourly rate (i.e., straight time rate), rather than the legally required one and one-half times their regular rate of pay.

18. As a home health care company, Defendant was or should have been aware that Plaintiffs and other home health care workers performed work that required proper payment of overtime compensation.

19. Defendant knew that Plaintiffs and other similarly situated home health care workers worked overtime hours without receiving proper overtime pay because Defendant required Plaintiffs and other similarly situated home health care workers to record and submit records of their work hours.

20. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.

22. Plaintiffs bring Count One below individually and on behalf of all individuals similarly situated, specifically:

> All home healthcare workers who have been employed by Defendant in Ohio at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

23. Plaintiffs consent in writing to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are filed with the Court as Exhibits A and B to this Complaint. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

24. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

25. Plaintiffs and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, et seq., and that have caused significant damage to Plaintiffs and the FLSA Collective.

26. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## COUNT ONE

### Violation of the Fair Labor Standards Act

27. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.

28. At all times material to this action, Defendant was an enterprise as defined by the FLSA, 29 U.S.C. § 203(r)(1), and engaged in commerce or in the production of goods for commerce as defined by §§ 203(b) and (s)(1) of the FLSA.

29. At all times relevant to this action, Defendant was an "employer" of Plaintiffs as defined by § 203(d) of the FLSA.

30. At all times material to this action, Plaintiffs and those similarly situated are and/or were "employees" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

31. The provisions set forth in § 207 of the FLSA apply to Defendant, Plaintiffs and all similarly situated employees who were covered by § 207 of the FLSA while they were employed by Defendant.

32. At all times relevant to this action, Defendant employed Plaintiffs and those similarly situated in hourly, non-supervisory non-exempt positions.

33. Defendant intentionally failed and/or refused to pay Plaintiffs and other similarly situated employees according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they are employed.

34. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendant has failed to pay its employees the amount of pay § 207 of the FLSA requires.

35. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through its records. All employees and former employees who have been employed by Defendant as home healthcare workers who are and/or were performing non-supervisory duties and being paid an hourly wage, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

36. Defendant has engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

37. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive the compensation to which they were entitled pursuant to § 207 of the FLSA.

38. In addition to the amount of unpaid wages and benefits owing to Plaintiffs and all those similarly situated, they are also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). They are also entitled to prejudgment interest on their damages.

39. Defendant's actions in failing to compensate Plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful.

40. Defendant did not make a good faith effort to comply with the FLSA.

41. Plaintiffs and those similarly situated persons are entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### Violation of the Ohio Minimum Fair Wage Standards Act

42. Plaintiffs incorporate the foregoing paragraphs as if fully rewritten herein.

43. Plaintiffs bring this claim to recover unpaid overtime compensation under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, §§ 4111.03 and 4111.10.

44. The acts of which Plaintiffs complain are also in violation of the Minimum Fair Wage Standard Law of the State of Ohio, § 4111.03 of the Ohio Revised Code.

**WHEREFORE**, Plaintiff prays for the following relief:

A. On Count One, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA:

   1. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

   2. At the earliest possible time, Plaintiffs be allowed to give notice, or that the Court issue such Notice, to all Defendant's employees who worked in Ohio during the three years immediately preceding the filing of this suit, and to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid compensation and benefits pursuant to 29 U.S.C. § 216(b);

   3. That all such Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

   4. That all such Plaintiffs' reasonable attorney's fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendant; and

   5. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

B. On Count Two:

   1. That Plaintiffs be awarded the amount of their respective unpaid compensation and benefits, and prejudgment interest;

   2. That Plaintiffs' reasonable attorney's fees, and the costs and expenses of this action, be paid and/or reimbursed by Defendant; and

   3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

          Respectfully submitted,

          */s/ David W. Neel*
          David W. Neel (0033611)
          David W. Neel, LLC
          16781 Chagrin Blvd.
          Shaker Heights, Ohio 44120
          Telephone:  (216) 522-0011
          Telecopier:  (844) 548-3570

          *Attorney for Plaintiffs*